NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-140

JACQUES E. MITRI

vs.

MICHAEL C. MARGE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jacques Mitri, appeals from a Housing Court judge's order denying his request for a preliminary injunction against the defendants, Michael Marge and Christina Ferguson Marge.[2] We affirm.

Discussion. The plaintiff's appellate brief contains no legal authorities and the factual record is difficult to

---

[1] Christina C. Ferguson Marge.

[2] The plaintiff applied for a temporary restraining order but the court treated it as a request for preliminary injunction. The matter properly is before us under G. L. c. 231, § 118, second par. The plaintiff also purports to appeal from a February 12, 2021 order denying his motion for reconsideration and a December 23, 2021 order denying his motion for rehearing. Because he makes no discernable argument addressing those orders in his primary brief, those claims are waived and we need not consider them further. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019); Tedeschi-Freij v. Percy Law Group, P.C., 99 Mass. App. Ct. 772, 781 (2021) ("we need not consider arguments raised for the first time in a reply brief").

discern.  We are therefore not required to address the plaintiff's claims because they do not meet the requirements for adequate appellate argument.  See Halstrom v. Dube, 481 Mass. 480, 483 n.8 (2019); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The argument shall contain . . . the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies").

We have nevertheless considered the claims, and we conclude that they are without merit.  We review the denial of a preliminary injunction "to determine whether the judge abused [his] discretion."  Lieber v. President & Fellows of Harvard College (No. 2), 488 Mass. 816, 821 (2022), quoting Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733, 741 (2008).  An abuse of discretion occurs when the judge has made "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

A judge may grant a preliminary injunction where the moving party shows, among other factors, "that success is likely on the merits" (citation omitted).  Lieber, 488 Mass. at 821.  According to the record before us, this is the plaintiff's fifth

2

lawsuit challenging the validity of the 2011 foreclosure sale of a property he previously owned in Holliston. In 2018, a Federal District Court judge ruled that the foreclosure sale was valid because the mortgage company conducted the sale in compliance with Massachusetts law as it stood at the time. See Mitri vs. Aurora Loan Servs., LLC, U.S. Dist. Ct., No. 15-cv-14178 (D. Mass. Feb. 16, 2018). The United States Court of Appeals for the First Circuit affirmed the ruling and the judgment. See Mitri vs. Aurora Loan Servs., U.S. Ct. App., No. 18-2068 (1st Cir. Aug. 22, 2019). The plaintiff filed several further actions in the Superior Court and the Housing Court, again contending that the foreclosure was invalid. None resulted in a ruling in the plaintiff's favor.[3]

Accordingly, the plaintiff has no likelihood of succeeding on the merits of any claim that relies on the foreclosure being unlawful. The plaintiff also has not held title to the property since 2011, and he apparently has not resided at or had any other valid interest in the property for several years.[4] His

---

[3] The plaintiff's lawsuits included the following cases on the Superior Court and the Housing Court dockets: Mitri vs. Golden Gates Props., LLC, Mass. Super. Ct., No. 1981CV02765 (Middlesex County October 4, 2019); Mitri vs. Golden Gates Props., LLC, Central Hous. Ct., No. 19H85CV000859 (September 24, 2019); Mitri vs. Aurora Loan Servs., LLC, Mass. Super. Ct., No. 1981CV01921 (Middlesex County August 26, 2019 and October 4, 2019).

[4] The Federal District Court judge's 2018 decision noted that the plaintiff continued to reside at the property at that time, and

claims that the defendants violated eviction protection measures related to the COVID-19 pandemic are therefore unfounded.  The judge appropriately weighed the factors relevant to the decision and properly denied injunctive relief to the plaintiff.[5]  See L.L., 470 Mass. at 185 n.27.

Order dated December 30, 2020, affirmed.

By the Court (Meade, Wolohojian & Walsh, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  May 12, 2023.

---

granted summary judgment for Nationstar Mortgage, LLC, the then-owner of the property, on its counterclaim for possession.  See Mitri vs. Aurora Loan Servs., LLC, U.S. Dist. Ct., No. 15-cv-14178 (D. Mass. Feb. 16, 2018).  Nothing in the record suggests the plaintiff has any present interest in the property.

[5] We decline to exercise our discretion to award the appellees double costs and appellate counsel fees.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  We note, however, that in 2019, the Superior Court prohibited the plaintiff from filing any new action in that court based on the same dispute without the court's prior authorization.

[6] The panelists are listed in order of seniority.